IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JPMorgan Chase Bank National Association, etc., | Case No. 3:14 CV 74 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jeanne L. Lewis, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* litigant David Lewis, Sr. was named as a defendant in a foreclosure action filed by JPMorgan Chase Bank National in Lucas County Court of Common Pleas. *See JPMorgan Chase Bank, N.A. v. Lewis*, Case No. G-4801-CI-201201252 (filed Jan. 18, 2012). Lewis now appears to attempt to remove that foreclosure action to this Court and demands JPMorgan produce an original promissory note regarding the ownership of property located at 517 Bronx Drive, Toledo, Ohio ("the Property") (Doc. 1). He attaches a copy of the foreclosure complaint JPMorgan filed against him and several other parties in state court. Lewis further asks this Court to stop all foreclosure proceedings (*id.*). Lewis' Motion to Proceed *in Forma Pauperis* (Doc. 2) is granted, and for the reasons discussed below, this case is dismissed.

## BACKGROUND

In January 2012, JPMorgan filed a complaint in foreclosure against Lewis, Jeanne Lewis, LVNV Funding, LLC, and the Lucas County Treasurer in the Lucas County Court of Common Pleas.

In August 2012, the state court granted JPMorgan's unopposed motion for summary judgment. An order of sale was issued, and the Property was sold on September 5, 2012. A journal entry filed on December 11, 2013 confirmed the sale. Lewis filed this "Notice of Removal" in January 2014 (Doc. 1). On January 22, 2014, Lewis filed a motion to vacate the August 2012 judgment in state court. The motion was denied on April 14, 2014.

### STANDARD FOR DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**ANALYSIS**

As an initial matter, this Court must determine whether it has subject-matter jurisdiction of this action. Federal courts are courts of limited jurisdiction. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts are obligated to act sua sponte whenever a question about jurisdiction arises and are instructed by Federal Civil Rule 12(h)(3) to dismiss an action if a court determines it lacks subject-matter jurisdiction.

To the extent Lewis attempted to remove a foreclosure action from state to federal court, he has not succeeded. *See* 28 U.S.C. § 1441. Lewis fails to state any facts or law to support the removal of this action to federal court -- premised on either diversity or federal question jurisdiction. Without a proper removal to this Court, the state court never lost jurisdiction over the foreclosure action. Therefore, the state court validly affirmed its judgment in favor of JPMorgan.

**CONCLUSION**

Accordingly, the Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 5, 2014